UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUALEIA HALLEY and HEATHER GONGAWARE, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>WAITR HOLDINGS, INC. F/K/A LANDCADIA HOLDINGS, INC. and WAITR INCORPORATED,<br><br>*Defendant.* | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Jualeia Halley and Heather Gongaware bring this action individually and on behalf of all current and former non-exempt delivery drivers (hereinafter "Plaintiffs and the Putative Class Members") who worked for Waitr Holdings, Inc. f/k/a Landcadia Holdings, Inc. and Waitr Incorporated[1] ("Defendant" or "Waitr"), at any time from three years preceding the filing of this Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This is a collective action to recover unpaid minimum wage brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

---

[1] Lancadia Holdings, Inc. and Waitr Incorporated merged into the entity currently known as Waitr Holdings Inc.

*Plaintiffs' Original Collective Action Complaint*

2. Plaintiffs and the Putative Class Members are those persons who are current and former delivery drivers who worked for Waitr throughout the United States at any time during their relevant statutes of limitations through the final disposition of this matter and have not been paid minimum wage in violation of federal law.

3. Waitr failed to reimburse its delivery drivers for the reasonable expenses of the business use of their personal vehicles in performing deliveries for Waitr, such that Plaintiffs and the Putative Class Members' unreimbursed expenses caused their wages to fall below the federal minimum wage during some or all workweeks.

4. The decision by Waitr not to reimburse Plaintiffs and the Putative Class Members for their reasonable expenses of the business use of their personal vehicles was neither reasonable nor in good faith.

5. Waitr knowingly and deliberately failed to reimburse Plaintiffs and the Putative Class Members for their reasonable expenses of the business use of their personal vehicles.

6. Additionally, Waitr misclassified some of its delivery drivers as independent contractors and failed to pay them minimum wage for all hours worked and overtime at the required rate for hours worked over forty (40) in a single workweek.

7. Plaintiffs and the Putative Class Members therefore seek to recover all unpaid minimum wages, overtime compensation, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiffs also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Jualeia Halley ("Halley") was employed by Waitr during the relevant time period. Plaintiff Halley did not receive minimum wage for all hours worked each week.[2]

10. Plaintiff Heather Gongaware ("Gongaware") was employed by Waitr during the relevant time period. Plaintiff Gongaware did not receive minimum wage for all hours worked each week and further did not receive overtime compensation for all hours worked over forty each week.[3]

11. The Putative Class Members are those current and former employees who were employed by Waitr anywhere in the United States at any time from February 27, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs Halley worked and was paid.

12. Defendant Waitr Holdings, Inc. f/k/a Landcadia Holdings, Inc. and Waitr Incorporated is a domestic for-profit Corporation, licensed to and doing business in the State of Louisiana, and an employer as defined by 29 U.S.C. § 203(d). It may be served with process through its registered agent for service of process: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over Waitr because it maintains its principal business office in the State of Louisiana.

---

[2] The written consent of Jualeia Halley is attached hereto as Exhibit "A."

[3] The written consent of Heather Gongaware is attached hereto as Exhibit "B."

*Plaintiffs' Original Collective Action Complaint*

15. Venue is proper in the Eastern District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Waitr conducts systematic and continuous business activities within the Eastern District of Louisiana.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FACTS

18. Waitr Incorporated and Landcadia Holdings, Inc. merged on November 15, 2018. The surviving entity is now known as Waitr Holdings, Inc. ("Waitr").[4]

19. Waitr is a food delivery service that allows its patrons to utilize a mobile or desktop app to order food and have it delivered from participating restaurants.

20. Waitr operates in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, South Carolina, Tennessee, and Texas.[5]

21. Plaintiffs Halley worked for Waitr as a driver from approximately April 2017 to July 2017.

22. Plaintiff Gongaware has worked and continues to work for Waitr as a driver since approximately October of 2016 and was misclassified as an independent contractor.

23. Plaintiffs and the Putative Class Members are (and were) non-exempt delivery drivers employed by Waitr who were either classified as employees and received a fixed hourly wage and gratuities (if any) or were classified as independent contractors and received a delivery fee and gratuities (if any), and no other compensation.

---

[4] http://investors.waitrapp.com/investor-resources/investor-faq.

[5] https://waitrapp.com/cities

*Plaintiffs' Original Collective Action Complaint*

24. Plaintiffs and the Putative Class Members incurred (and continue to incur) costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering food items for the primary benefit of Waitr.

25. Waitr does not reimburse its delivery drivers—Plaintiffs and the Putative Class Members—for their automobile expenses.

26. This reimbursement policy applies to all of Waitr's delivery drivers throughout the United States.

27. During the applicable FLSA limitations period, the IRS standard business mileage reimbursement rate has ranged between $.545 and $.575 per mile.[6]

28. Plaintiff Halley drove, on average, approximately 469 miles each week.

29. Plaintiff Gongaware drove, on average, approximately 500 hundred miles each week.

30. Using the lowest IRS rate in effect during the period of Plaintiffs' employment as a reasonable approximation of Plaintiffs' automobile expenses, every mile driven on the job decreased Plaintiffs' net wages by approximately $.55 per mile.

31. Considering Plaintiff Halley's estimate of 469 miles driven each week, Waitr underpaid Plaintiff Halley approximately $257.95 per week ($.55 x 469 average weekly miles).

32. Likewise, considering Plaintiff Gongaware's estimate of 500 miles driven each week, Waitr underpaid Plaintiff Gongaware approximately $275.00 per week (.55 x 500 average weekly miles).

33. Waitr's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Waitr such that the hourly wages they pay to Plaintiffs and the Putative Class Members was and continues to be below the minimum wage. *See* 29 C.F.R. 531.35.

---

[6] https://www.irs.gov/tax-professionals/standard-mileage-rates.

*Plaintiffs' Original Collective Action Complaint*

34. Further, Waitr (mis)classified some of its drivers as independent contractors and paid them only a delivery fee, in addition to gratuities received from Waitr's patrons (if any), and did not pay them the federally mandated minimum wage or overtime compensation.

35. Plaintiffs and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Clean Harbors and/or its clients.

36. Plaintiffs and the Putative Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

37. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Waitr.

38. Waitr set all employment-related policies applicable to Plaintiff and the Putative Class Members.

39. Waitr maintained control over pricing and marketing and the online platform that Plaintiffs and the Putative Class Members interact with.

40. Waitr had the power to hire and fire Plaintiffs and the Putative Class Members.

41. Waitr made all personnel and payroll decisions with respect to Plaintiffs and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly rate with no overtime pay.

42. Plaintiffs and the Putative Class Members did not employ their own workers.

43. Plaintiffs and the Putative Class Members relied on Waitr for their work.

44. Waitr did not permit Plaintiff and the Putative Class Members to market any business or services of their own.

45. The FLSA requires the payment of minimum wages and that overtime be paid at one and one-half times an employee's regular rate of pay.

*Plaintiffs' Original Collective Action Complaint*

46. Because Waitr did not adequately reimburse Plaintiffs and the Putative Class members for their business expenses, and did not pay those employees (mis)classified as independent contractors any overtime compensation, Waitr's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A. FLSA COVERAGE**

47. All previous paragraphs are incorporated as though fully set forth herein.

48. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER DELIVERY DRIVERS WHO WORKED FOR WAITR HOLDINGS, INC., F/K/A LANDCADIA HOLDINGS, INC. AND WAITR INCORPORATED, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 27, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

49. At all times hereinafter mentioned, Waitr has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

50. At all times hereinafter mentioned, Waitr has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. At all times hereinafter mentioned, Waitr has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Waitr, these individuals have provided services for Waitr that involved interstate commerce for purposes of the FLSA.

53. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiffs and the Putative Class Members were engaged in performing delivery-related job duties associated with working in the restaurant and service industry. 29 U.S.C. § 203(j).

55. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

56. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Waitr.

B. **FAILURE TO PAY WAGES UNDER THE FLSA**

58. Waitr has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed and for paying a wage below the federally mandated minimum wage.

59. Moreover, Waitr knowingly, willfully, and with reckless disregard carried out its illegal patterns of failing to pay Plaintiffs and other similarly situated employees minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) per week. 29 U.S.C. § 255(a).

60. Waitr knew or should have known its pay practices were in violation of the FLSA.

61. Waitr is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

62. Plaintiffs and the Putative Class Members, on the other hand, are (and were) unsophisticated employees who trusted Waitr to pay them according to the law.

63. The decision and practice by Waitr not to pay minimum wage and overtime for Plaintiffs and the Putative Class Members' hours worked as delivery drivers was neither reasonable nor in good faith.

64. Accordingly, Plaintiffs and the Putative Class Members are entitled to minimum wage for all hours worked as delivery drivers pursuant to the FLSA, overtime compensation for all hours worked over forty (40) in a single workweek at rates at least one and one-half times the regular rates for which they were employed, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Waitr's delivery drivers throughout the United States who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

67. Other similarly situated deliver drivers of Waitr have been victimized by Waitr's patterns, practices, and policies, which are in willful violation of the FLSA.

68. The Putative Class Members are defined in Paragraph 48.

*Plaintiffs' Original Collective Action Complaint*

69. Waitr's failure to pay Plaintiffs and the Putative Class Members minimum wages and overtime results from generally applicable policies and practices of Waitr, and does not depend on the personal circumstances of Plaintiffs or the Putative Class Members.

70. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

71. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) in a single workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Waitr will retain the proceeds of its violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated Plaintiffs should be certified as defined as in Paragraph 48 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

76. Plaintiffs respectfully pray for judgment against Waitr as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Waitr to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b.  For an Order approving the form and content of a notice to be sent to all Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.  For an Order pursuant to Section 16(b) of the FLSA finding Waitr liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    d.  For an Order awarding the costs and expenses of this action;

    e.  For an Order awarding attorneys' fees;

    f.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.  For an Order awarding Plaintiffs Halley a service award as permitted by law;

    h.  For an Order compelling the accounting of the books and records of Waitr, at Waitr's expense; and

    i.  For an Order granting such other and further relief as may be necessary and appropriate.

*Plaintiffs' Original Collective Action Complaint*

Date:   February 27, 2019                               Respectfully submitted,

                                                                    **BOHRER BRADY, LLC**

By:       /s/ *Philip Bohrer*
                **Philip Bohrer (#14089)**
                phil@bohrerbrady.com
                8712 Jefferson Highway, Suite B
                Baton Rouge, Louisiana 70809
                Telephone: (225) 925-5297
                Facsimile: (225) 231-7000


**ANDERSON ALEXANDER, PLLC**

By:       /s/ *Clif Alexander*
                **Clif Alexander** (*pro hac vice forthcoming*)
                Texas Bar No. 24064805
                clif@a2xlaw.com
                **Austin W. Anderson** (*pro hac vice forthcoming*)
                Texas Bar No. 24045189
                austin@a2xlaw.com
                819 N. Upper Broadway
                Corpus Christi, Texas 78401
                Telephone: (361) 452-1279
                Facsimile: (361) 452-1284

***Attorneys for Plaintiffs and the Putative Class Members***

*Plaintiffs' Original Collective Action Complaint*