## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUALEIA HALLEY and HEATHER GONGAWARE, Individually and on behalf of all others similarly situated | § § § | Civil Action No. 2:19-cv-01800 |
| | § | SECTION L |
| *Plaintiffs*, | § § | |
| | § | JUDGE:  FALLON |
| | § | MAGISTRATE:  WILKINSON |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| WAITR HOLDINGS, INC. F/K/A | § | COLLECTIVE ACTION |
| LANDCADIA HOLDINGS, INC. | § | PURSUANT TO 29 U.S.C. § 216(b) |
| and WAITR INCORPORATED, | § | |
| | § | CLASS ACTION PURSUANT TO |
| *Defendants.* | § | FED. R. CIV. P. 23(b) |

---

## PLAINTIFFS' FIRST AMENDED
## COLLECTIVE/CLASS ACTION COMPLAINT

---

Plaintiffs Jualeia Halley and Heather Gongaware bring this action individually and on behalf of all current and former non-exempt delivery drivers (hereinafter "Plaintiffs and the Putative Class Members") who worked for Waitr Holdings, Inc. f/k/a Landcadia Holdings, Inc. and Waitr Incorporated[1] ( "Defendant" or "Waitr"), at any time from three years preceding the filing of this Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and further bring a class action pursuant to Federal Rule of Civil Procedure 23 to recover under the common-law equitable theory of unjust enrichment pursuant to the state-laws of Alabama, Arkansas, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, New Mexico, North Carolina,

---

[1] Lancadia Holdings, Inc. and Waitr Incorporated merged into the entity currently known as Waitr Holdings Inc.

*Plaintiffs' First Amended Collective/Class Action Complaint*

South Carolina, Tennessee, Texas, and Virginia.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while their state law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

## I.
## OVERVIEW

1.     This is a collective action to recover unpaid minimum and overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action to recover unpaid expenses under the state laws of Alabama, Arkansas, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, New Mexico, North Carolina, South Carolina, Tennessee, Texas, and Virginia.

2.     Plaintiffs and the Putative Class Members are those persons who are current and former delivery drivers who worked for Waitr throughout the United States at any time during their relevant statutes of limitations through the final disposition of this matter and have not been paid the minimum wage or overtime in violation of federal law.

3.     Moreover, Waitr failed to reimburse its delivery drivers for the reasonable expenses of the business use of their personal vehicles in performing deliveries for Waitr, such that Plaintiffs and the Putative Class Members' unreimbursed expenses caused their wages to fall below the federal and respective states' minimum wage during some or all workweeks.

4.     The decision by Waitr not to reimburse Plaintiffs and the Putative Class Members for their reasonable expenses of the business use of their personal vehicles was neither reasonable nor in good faith.

5.     Waitr knowingly and deliberately failed to reimburse Plaintiffs and the Putative Class Members for their reasonable expenses of the business use of their personal vehicles.

*Plaintiffs' First Amended Collective/Class Action Complaint*

6.      Additionally, Waitr misclassified some of its delivery drivers as independent contractors and failed to pay them minimum wage for all hours worked and overtime at the required rate for hours worked over forty (40) in a single workweek.

7.      Plaintiffs and the Putative Class Members therefore seek to recover all unpaid minimum wages, overtime compensation, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover further unpaid wages as a Rule 23 class action pursuant applicable state laws.

8.      Plaintiffs also pray that this Court certify a Rule 23 class action to recover their unpaid reimbursable vehicle expenses pursuant to state law theories[2] of unjust enrichment and that Jualeia Halley and Heather Gongaware, designated herein, be named as Class Representatives of the Rule 23 class.

## II.
## THE PARTIES

9.      Plaintiff Jualeia Halley ("Halley") was employed by Waitr during the relevant time period. Plaintiff Halley did not receive minimum wage for all hours worked each week.[3]

10.     Plaintiff Heather Gongaware ("Gongaware") was employed by Waitr during the relevant time period. Plaintiff Gongaware did not receive minimum wage for all hours worked each week and further did not receive overtime compensation for all hours worked over forty each week.[4]

11.     The Putative Collective Action Members are those current and former employees who were employed by Waitr anywhere in the United States at any time from February 27, 2016 through

---

[2] While Plaintiffs have alleged the violation of state law in seventeen states, the claim in each state is pursuant to the theory of unjust enrichment.

[3] The written consent of Jualeia Halley is on file with the Court at ECF No. 1-1.

[4] The written consent of Heather Gongaware is on file with the Court at ECF No. 1-2.

the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs Halley and Gongaware worked and were paid.

12.     The Putative Class Action Members are those current and former employees who were employed by Waitr anywhere in Alabama, Arkansas, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, New Mexico, North Carolina, South Carolina, Tennessee, Texas, and/or Virginia, at any time from February 11, 2017 through the final disposition of this matter who did not receive mileage reimbursements.

13.     Defendant Waitr Holdings, Inc. f/k/a Landcadia Holdings, Inc. and Waitr Incorporated is a domestic for-profit Corporation, licensed to and doing business in the State of Louisiana. Waitr has answered and appeared herein.

### III.
### JURISDICTION & VENUE

14.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

16.     This Court has personal jurisdiction over Waitr because it maintains its principal business office in the State of Louisiana.

17.     Venue is proper in the Eastern District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18.     Specifically, Waitr conducts systematic and continuous business activities within the Eastern District of Louisiana.

19.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

**IV.**
**FACTS**

20.     Waitr Incorporated and Landcadia Holdings, Inc. on merged on November 15, 2018. The surviving entity is now known as Waitr Holdings, Inc. ("Waitr").[5]

21.     Waitr is a food delivery service that allows its patrons to utilize a mobile or desktop app to order food and have it delivered from participating restaurants.

22.     Waitr operates in Alabama, Arkansas, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, New Mexico, North Carolina, South Carolina, Tennessee, Texas, and Virginia.[6]

23.     Plaintiff Halley worked for Waitr as an employee driver from approximately April 2017 to July 2017.

24.     Plaintiff Gongaware has worked and continues to work for Waitr as a driver since approximately October of 2016 and was misclassified as an independent contractor.

25.     Plaintiffs and the Putative Collective and Class Action Members are (and were) non-exempt delivery drivers employed by Waitr who were either classified as employees and received a fixed hourly wage and gratuities (if any) or were classified as independent contractors and received a delivery fee and gratuities (if any), and no other compensation.

26.     Plaintiffs and the Putative Collective and Class Action Members incurred (and continue to incur) costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering food items for the primary benefit of Waitr.

---

[5] http://investors.waitrapp.com/investor-resources/investor-faq.

[6] https://waitrapp.com/cities

*Plaintiffs' First Amended Collective/Class Action Complaint*

27.     Waitr does not reimburse its delivery drivers—Plaintiffs and the Putative Collective and Class Action Members—for their automobile expenses.

28.     This reimbursement policy applies to all of Waitr's delivery drivers throughout the United States.

29.     During the applicable limitations periods, the IRS standard business mileage reimbursement rate has ranged between $0.545 and $0.575 per mile.[7]

30.     Plaintiff Halley drove, on average, approximately 469 miles each week.

31.     Plaintiff Gongaware drove, on average, approximately 500 hundred miles each week.

32.     Using the lowest IRS rate in effect during the period of Plaintiffs' employment as a reasonable approximation of Plaintiffs' automobile expenses, every mile driven on the job decreased Plaintiffs' net wages by approximately $.55 per mile.

33.     Considering Plaintiff Halley's estimate of 469 miles driven each week, Waitr underpaid Plaintiff Halley approximately $257.95 per week ($.55 x 469 average weekly miles).

34.     Likewise, considering Plaintiff Gongaware's estimate of 500 miles driven each week, Waitr underpaid Plaintiff Gongaware approximately $275.00 per week (.55 x 500 average weekly miles).

35.     Waitr's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Waitr such that the hourly wages they pay to Plaintiffs and the Putative Collective and Class Action Members was and continues to be below the minimum wage. *See* 29 C.F.R. 531.35.

36.     Further, Waitr (mis)classified some of its drivers as independent contractors and paid them only a delivery fee, in addition to gratuities received from Waitr's patrons (if any), and did not pay them the federally mandated minimum wage or overtime compensation.

---

[7] https://www.irs.gov/tax-professionals/standard-mileage-rates.

*Plaintiffs' First Amended Collective/Class Action Complaint*

37.     Plaintiffs and the Putative Collective and Class Action Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Waitr.

38.     Plaintiffs and the Putative Collective and Class Action Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

39.     Plaintiff and the Putative Collective and Class Action Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Waitr.

40.     Waitr set all employment-related policies applicable to Plaintiff and the Putative Collective and Class Action Members.

41.     Waitr maintained control over pricing and marketing and the online platform that Plaintiffs and the Putative Collective and Class Action Members interact with.

42.     Waitr had the power to hire and fire Plaintiffs and the Putative Class Members.

43.     Waitr made all personnel and payroll decisions with respect to Plaintiffs and the Putative Collective and Class Action Members, including but not limited to, the decision to pay Plaintiff and the Putative Collective and Class Action Members an hourly rate with no overtime pay.

44.     Plaintiffs and the Putative Collective and Class Action Members did not employ their own workers.

45.     Plaintiffs and the Putative Collective and Class Action Members relied on Waitr for their work.

46.     Waitr did not permit Plaintiff and the Putative Collective and Class Action Members to market any business or services of their own.

47.     The FLSA requires the payment of minimum wages and that overtime be paid at one and one-half times an employee's regular rate of pay.

*Plaintiffs' First Amended Collective/Class Action Complaint*

48.     Because Waitr did not adequately reimburse Plaintiffs and the Putative Collective Members for their business expenses, and did not pay those employees (mis)classified as independent contractors any overtime compensation, Waitr's pay policies and practices violated (and continue to violate) the overtime and minimum wage guarantees of the FLSA.

49.     The applicable state laws further provide that Plaintiffs and the Putative Class Action Members are entitled to recover additional damages not covered by the FLSA, such as the actual vehicle reimbursement amounts owed.  As such, Plaintiffs seek to recover those additional damages owed under the equitable common law theory of unjust enrichment pursuant to the state laws of Alabama, Arkansas, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, New Mexico, North Carolina, South Carolina, Tennessee, Texas, and Virginia as a class action pursuant to Federal Rule of Civil Procedure.

## V.
## FLSA COLLECTIVE ACTION CLAIMS

### <u>COUNT ONE</u>

**A.     FLSA COVERAGE**

50.     All previous paragraphs are incorporated as though fully set forth herein.

51.     The FLSA Collective is defined as:

**ALL CURRENT AND FORMER DELIVERY DRIVERS WHO WORKED FOR WAITR HOLDINGS, INC., F/K/A LANDCADIA HOLDINGS, INC. AND WAITR INCORPORATED, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 27, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

52.     At all times hereinafter mentioned, Waitr has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53.     At all times hereinafter mentioned, Waitr has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54.     At all times hereinafter mentioned, Waitr has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Waitr, these individuals have provided services for Waitr that involved interstate commerce for purposes of the FLSA.

56.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57.     Specifically, Plaintiffs and the FLSA Collective Members were engaged in performing delivery-related job duties associated with working in the restaurant and service industry. 29 U.S.C. § 203(j).

58.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

60.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Waitr.

**B.     FAILURE TO PAY WAGES UNDER THE FLSA**

61.     Waitr has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed and for paying a wage below the federally mandated minimum wage.

62.     Moreover, Waitr knowingly, willfully, and with reckless disregard carried out its illegal patterns of failing to pay Plaintiffs and other similarly situated employees minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) per week. 29 U.S.C. § 255(a).

63.     Waitr knew or should have known its pay practices were in violation of the FLSA.

64.     Waitr is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

65.     Plaintiffs and the Putative Class Members, on the other hand, are (and were) unsophisticated employees who trusted Waitr to pay them according to the law.

66.     The decision and practice by Waitr not to pay minimum wage and overtime for Plaintiffs and the Putative Class Members' hours worked as delivery drivers was neither reasonable nor in good faith.

67.     Accordingly, Plaintiffs and the Putative Class Members are entitled to minimum wage for all hours worked as delivery drivers pursuant to the FLSA, overtime compensation for all hours

worked over forty (40) in a single workweek at rates at least one and one-half times the regular rates for which they were employed, plus liquidated damages, attorneys' fees and costs.

### C.   COLLECTIVE ACTION ALLEGATIONS

68.     All previous paragraphs are incorporated as though fully set forth herein.

69.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Waitr's delivery drivers throughout the United States who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

70.     Other similarly situated delivery drivers of Waitr have been victimized by Waitr's patterns, practices, and policies, which are in willful violation of the FLSA.

71.     The Putative Class Members are defined in Paragraph 50.

72.     Waitr's failure to pay Plaintiffs and the Putative Class Members minimum wages and overtime results from generally applicable policies and practices of Waitr and does not depend on the personal circumstances of Plaintiffs or the Putative Class Members.

73.     Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

74.     All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) in a single workweek.

75.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Waitr will retain the proceeds of its violations.

77.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78.     Accordingly, the FLSA collective of similarly situated Plaintiffs should be certified as defined as in Paragraph 50.

## VI.
## RULE 23 CLASS ACTION CLAIMS

### A.    SCOPE OF THE RULE 23 CLASS

79.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

80.     The Rule 23 Class is defined as:

**ALL CURRENT AND FORMER DELIVERY DRIVERS WHO WORKED FOR WAITR HOLDINGS, INC., F/K/A LANDCADIA HOLDINGS, INC. AND WAITR INCORPORATED, ANYWHERE IN ALABAMA, ARKANSAS, FLORIDA, GEORGIA, INDIANA, KANSAS, KENTUCKY, LOUISIANA, MISSISSIPPI, MISSOURI, NEBRASKA, NEW MEXICO, NORTH CAROLINA, SOUTH CAROLINA, TENNESSEE, TEXAS, AND/OR VIRGINIA, AT ANY TIME FROM FEBRUARY 11, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER WHO DID NOT RECEIVE MILEAGE REIMBUSEMENTS. ("Rule 23 Class" or "Rule 23 Class Members").**

81.     The Rule 23 Class members are entitled to recover their unreimbursed automobile expenses from Waitr under equitable common law theories of unjust enrichment ("State Law Claims". These State Law Claims are independent of Plaintiffs' claims for unpaid minimum wages and overtime pursuant to the FLSA, and they are therefore not preempted by the FLSA.

82.     Plaintiffs will specifically address each state law violated, *infra*.

### B.    CLASS ACTION ALLEGATIONS

83.     The State Law claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Waitr in Alabama, Arkansas,

Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, New Mexico, North Carolina, South Carolina, Tennessee, Texas, and/or Virginia.

84.     Class action treatment of the Rule 23 Class Members' claims is appropriate because, as alleged below, all of Rule 23(a)'s class action requisites are satisfied.

85.     The number of the Rule 23 Class Members is so numerous that joinder of all class members is impracticable.

86.     The claims of all Rule 23 Class Members involve common questions of law and fact.

87.     Plaintiffs are members of the Rule 23 Class, their claims are typical of the claims of the other Rule 23 Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

88.     Plaintiffs and their counsel will fairly and adequately represent the Rule 23 Class Members and their interests.

89.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

90.     Accordingly, the Rule 23 Class should be certified as defined in Paragraph 80.

## COUNT TWO
### (Alleging Violations of Alabama Common Law)

91.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

92.     Plaintiffs allege Waitr violated Alabama common law pursuant to the equitable theory of unjust enrichment ("Alabama Common Law"). *See Matador Holdings, Inc. v. HoPo Realty Investments, L.L.C.,* 77 So. 3d 139, 145 (Ala. 2011).

93.     The Rule 23 Class Members in Alabama had a reasonable expectation of being fully compensated for the expenses they incurred working for Waitr's benefit.

94.     Further, Waitr knowingly retained the benefits supplied by the Rule 23 Class Members who worked in Alabama.

95.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Alabama and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT THREE
### (Alleging Violations of Arkansas Common Law)

96.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

97.     Plaintiffs allege Waitr violated Arkansas common law pursuant to the equitable theory of unjust enrichment ("Arkansas Common Law"). *See Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 21, 381 S.W.3d 21, 36 (2011).

98.     The Rule 23 Class Members who worked in Arkansas provided something of value to Waitr.

99.     Further, Waitr intended to retain the benefits supplied by the Rule 23 Class Members who worked in Arkansas without repaying them for the costs they incurred completing work for Waitr's benefit.

100.    It would be manifestly unjust for Waitr not to repay the Rule 23 Class Members who worked in Arkansas' costs incurred performing work for Waitr.

101.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Arkansas and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

*Plaintiffs' First Amended Collective/Class Action Complaint*

## COUNT FOUR
### (Alleging Violations of the Florida Common Law)

102.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

103.     Plaintiffs allege Waitr violated Florida common law pursuant to the equitable theory of unjust enrichment ("Florida Common Law"). *See Duty Free World, Inc. v. Miami Perfume Junction, Inc.,* 253 So. 3d 689, 693 (Fla. Dist. Ct. App. 2018).

104.     The Rule 23 Class Members in Florida conferred a benefit to Waitr.

105.     Further, Waitr knowingly and voluntarily, accepted and retained the benefits supplied by the Rule 23 Class Members who worked in Florida.

106.     The circumstances are such that it would be inequitable for Waitr to retain the benefits conferred without repaying the Rule 23 Class Members in Florida.

107.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Florida and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT FIVE
### (Alleging Violations of the Georgia Common Law)

108.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

109.     Plaintiffs allege Waitr violated Georgia common law pursuant to the equitable theory of unjust enrichment ("Georgia Common Law"). *See May v. S.E. GA Ford, Inc.,* 344 Ga. App. 459, 463, 811 S.E.2d 14, 18 (2018).

110.     The Rule 23 Class Members in Georgia conferred a benefit to Waitr and this conferred benefit would result in an unjust enrichment unless it were compensated.

111.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Georgia and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT SIX
### (Alleging Violations of the Indiana Common Law)

112.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

113.    Plaintiffs allege Waitr violated Indiana common law pursuant to the equitable theory of unjust enrichment ("Indiana Common Law"). *See Estate of Henry v. Woods,* 77 N.E.3d 1200, 1207 (Ind. Ct. App. 2017).

114.    The Rule 23 Class Members who worked for Waitr in Indiana conferred a measurable benefit to Waitr at Waitr's implied request.

115.    The Rule 23 Class Members who worked for Waitr in Indiana expected payment from Waitr for their incurred costs.

116.    Under such circumstances, Waitr's retention of the conferred benefit without payment would be unjust.

117.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Indiana and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT SEVEN
### (Alleging Violations of the Kansas Common Law)

118.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

119.    Plaintiffs allege Waitr violated Kansas common law pursuant to the equitable theory of unjust enrichment ("Kansas Common Law"). *See Hurtig v. Mattox,* 408 P.3d 492 (Kan. Ct. App. 2017).

120.    The Rule 23 Class Members who worked for Waitr in Kansas conferred a benefit to Waitr.

121.    Waitr had knowledge of the benefit received.

122.    Under such circumstances, Waitr's retention of the conferred benefit without payment would be inequitable.

123.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services for Waitr in Kansas and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

<u>**COUNT EIGHT**</u>
**(Alleging Violations of the Kentucky Common Law)**

124.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

125.    Plaintiffs allege Waitr violated Kentucky common law pursuant to the equitable theory of unjust enrichment ("Kentucky Common Law"). *See Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC,* 540 S.W.3d 770, 777 (Ky. 2017), *reh'g denied* (Mar. 22, 2018).

126.    The Rule 23 Class Members who worked for Waitr in Kansas conferred a benefit to Waitr at their expense.

127.    Waitr appreciated the benefits conferred.

128.    Under such circumstances, Waitr's retention of the conferred benefit without payment would be inequitable.

129.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Kentucky and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

**COUNT NINE**
**(Alleging Violations of the Louisiana Civil Code)**

130.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

131.     Plaintiffs allege Waitr violated the Louisiana Civil Code, Article 2298, for unjust enrichment ("Louisiana Civil Code"). *See* LA. CIV. CODE ANN. ART. 2298; *Huntsman Int'l LLC v. Praxair, Inc.,* 2015-0975 (La. App. 4 Cir. 9/14/16), 201 So. 3d 899, 911.

132.     The Rule 23 Class Members who worked for Waitr in Louisiana enriched Waitr by using their personal vehicles while operating on Waitr's behalf.

133.     The Rule 23 Class Members who worked for Waitr in Louisiana have suffered an impoverishment by supplying their vehicles to Waitr while not being reimbursed for the costs they incurred.

134.     The enrichment bestowed on Waitr by the Rule 23 Class Members in Louisiana directly caused the impoverishment.

135.     No justification or just cause exists for the impoverishment of the Rule 23 Class Members in Louisiana.

136.     There is no other remedy at law for the Rule 23 Class Members who worked for Waitr in Louisiana that will allow them to recover their unpaid reimbursement expenses.

137.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Louisiana and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the Louisiana Civil Code.

**COUNT TEN**
**(Alleging Violations of the Mississippi Common Law)**

138.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

139.     Plaintiffs allege Waitr violated Mississippi common law pursuant to the equitable theory of unjust enrichment ("Mississippi Common Law"). *See Mayer v. Angus,* 83 So. 3d 444, 451 (Miss. Ct. App. 2012)

140.     There is no legal contract that addresses the unpaid mileage reimbursements between the Rule 23 Class Members who worked for Wair in Mississippi and Waitr.

141.     Waitr is in possession of the funds owed to the Rule 23 Class Members who worked for Waitr in Mississippi.

142.     Waitr cannot withhold the reimbursements from the Rule 23 Class Members in Mississippi in good conscience and justice requires that Waitr should deliver the reimbursements to those class members.

143.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Mississippi and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

**COUNT ELEVEN**
**(Alleging Violations of Missouri Common Law)**

144.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

145.     Plaintiffs allege Waitr violated Missouri common law pursuant to the equitable theory of unjust enrichment ("Missouri Common Law"). *See Miller v. Horn,* 254 S.W.3d 920, 924 (Mo. Ct. App. 2008).

146.   Waitr was enriched by the benefit conferred by the Rule 23 Class Members who worked for Waitr in Missouri at their expense.

147.   It would be manifestly unjust to allow Waitr to retain the benefits conferred on it by those Rule 23 Class Members who worked for it in Missouri.

148.   Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Missouri and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT TWELVE
### (Alleging Violations of Nebraska Common Law)

149.   Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

150.   Plaintiffs allege Waitr violated Nebraska common law pursuant to the equitable theory of unjust enrichment ("Nebraska Common Law"). *See Kanne v. Visa U.S.A. Inc.,* 272 Neb. 489, 501, 723 N.W.2d 293, 302 (2006).

151.   Waitr received a monetary benefit from the Rule 23 Class Members who worked for Waitr in Nebraska and Waitr is still in possession of that benefit.

152.   In accordance justice and fairness, Waitr ought to pay the monetary benefit to the Rule 23 Class Members who worked for it in Nebraska.

153.   Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Nebraska and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT THIRTEEN
### (Alleging Violations of New Mexico Common Law)

154.   Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

155.    Plaintiffs allege Waitr violated New Mexico common law pursuant to the equitable theory of unjust enrichment ("New Mexico Common Law"). *See City of Rio Rancho v. Amrep Sw. Inc.,* 2011-NMSC-037, ¶ 54, 150 N.M. 428, 260 P.3d 414, 428.

156.    Waitr knowingly benefitted at the expense of the Rule 23 Class Members who worked for it in New Mexico.

157.    To allow Waitr to retain the benefit conferred on it by the Rule 23 Class Members who worked for it in New Mexico would be unjust.

158.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in New Mexico and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT FOURTEEN
### (Alleging Violations of North Carolina Common Law)

159.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

160.    Plaintiffs allege Waitr violated North Carolina common law pursuant to the equitable theory of unjust enrichment ("North Carolina Common Law"). *See Duo-Fast Carolinas, Inc. v. Scott's Hill Hardware & Supply Co.,* No. 16 CVS 9343, 2018 WL 264607, at *12 (N.C. Super. Jan. 2, 2018).

161.    The Rule 23 Class Members who performed services for Waitr in North Carolina conferred a benefit on Waitr when they used their own automobiles in the furtherance of their job duties for Waitr without receiving their owed reimbursement.

162.    Waitr consciously accepted the benefit conferred on it by those Rule 23 Class Members who performed services for it in North Carolina.

163.    The benefit conferred was not given gratuitously or by an interference in the affairs of Waitr.

164.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in North Carolina and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT FIFTEEN
### (Alleging Violations of the South Carolina Common Law)

165.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

166.    Plaintiffs allege Waitr violated South Carolina common law pursuant to the equitable theory of unjust enrichment ("South Carolina Common Law"). *See Regions Bank v. Wingard Properties, Inc.,* 394 S.C. 241, 257, 715 S.E.2d 348, 356 (Ct. App. 2011).

167.    The Rule 23 Class Members who performed services for Waitr in South Carolina conferred a benefit on Waitr.

168.    Waitr realized the benefit conferred to it by those Rule 23 Class Members who performed services for Waitr in South Carolina and were not reimbursed for their automobile expenses.

169.    The retention of the benefit by Waitr under the circumstances make it inequitable for Waitr to retain the benefit without paying the benefit's value to the Rule 23 Class Members who performed services for it in South Carolina.

170.    Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in South Carolina and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT SIXTEEN
### (Alleging Violations of the Tennessee Common Law)

171.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

172.     Plaintiffs allege Waitr violated Tennessee common law pursuant to the equitable theory of unjust enrichment ("Tennessee Common Law"). *See Advanced Sec. Servs. Evaluation & Training, LLC v. OHR Partners Ltd.,* No. M201700249COAR3CV, 2018 WL 1391626, at *11 (Tenn. Ct. App. Mar. 20, 2018).

173.     The Rule 23 Class Members who performed services for Waitr in Tennessee conferred a benefit on Waitr.

174.     Waitr appreciated the benefit conferred to it.

175.     The retention of the benefit by Waitr under the circumstances make it inequitable for Waitr to retain the benefit without paying the benefit's value to the Rule 23 Class Members who performed services for it in Tennessee.

176.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Tennessee and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT SEVENTEEN
### (Alleging Violations of the Texas Common Law)

177.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

178.     Plaintiffs allege Waitr violated Texas common law pursuant to the equitable theory of unjust enrichment ("Texas Common Law"). *See Eun Bok Lee v. Ho Chang Lee,* 411 S.W.3d 95, 111 (Tex. App. 2013)

179.     Waitr wrongfully secured a benefit or passively received a benefit from the Rule 23 Class Members who performed services for Waitr in Texas.

180.     It would be manifestly unjust and unconscionable to allow Waitr to retain the benefit it attained from the Rule 23 Class Members who performed services for it in Texas.

181.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Texas and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## COUNT EIGHTEEN
### (Class Action Alleging Violations of Virginia Common Law)

182.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

183.     Plaintiffs allege Waitr violated Virginia common law pursuant to the equitable theory of unjust enrichment ("Virginia Common Law"). *See Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008).

184.     The Rule 23 Class Members who performed services for Waitr in Virginia conferred a benefit on Waitr.

185.     Waitr knew of the benefit and should have reasonably expected to repay the Rule 23 Class Members who performed services for it Virginia.

186.     Waitr accepted and retained the benefit without paying for its face value.

187.     Waitr has therefore retained a benefit expended by the Rule 23 Class Members who performed services in Virginia and those Class Members are entitled to recover their unpaid reimbursement expenses pursuant to the equitable theory of unjust enrichment.

## VII.
## RELIEF SOUGHT

188.     Plaintiffs respectfully pray for judgment against Waitr as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and certifying a collective consisting of the plaintiffs who have filed their consents to join this litigation as party plaintiffs;

b.     For an Order certifying the Rule 23 Class as defined in Paragraph 80 and appointing Plaintiffs Jualeia Halley and Heather Gongaware as the Class Representatives.

c.     For an Order pursuant to Section 16(b) of the FLSA finding Waitr liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d.     For an Order awarding the Plaintiffs and the Rule 23 Class Members all damages allowed by state law;

e.     For an Order awarding the costs and expenses of this action;

f.     For an Order awarding attorneys' fees;

g.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h.     For an Order awarding Plaintiffs Halley and Gongaware a service award as permitted by law;

i.     For an Order compelling the accounting of the books and records of Waitr, at Waitr's expense; and

j.     For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 11, 2020                    Respectfully submitted,

                                             **ANDERSON ALEXANDER, PLLC**

                                             By:  */s/ Clif Alexander*
                                                 **Clif Alexander** (*Admitted Pro Hac Vice*)
                                                 Texas Bar No. 24064805
                                                 clif@a2xlaw.com
                                                 **Austin W. Anderson** (*Admitted Pro Hac Vice*)
                                                 Texas Bar No. 24045189
                                                 austin@a2xlaw.com
                                                 **Lauren Braddy** (*Admitted Pro Hac Vice*)
                                                 Texas Bar No. 24071993
                                                 lauren@a2xlaw.com
                                                 819 N. Upper Broadway
                                                 Corpus Christi, Texas 78401
                                                 Telephone: (361) 452-1279
                                                 Facsimile: (361) 452-1284

                                             **BOHRER BRADY, LLC**

                                             By:  */s/ Philip Bohrer*
                                                 **Philip Bohrer (#14089)**
                                                 phil@bohrerbrady.com
                                                 8712 Jefferson Highway, Suite B
                                                 Baton Rouge, Louisiana 70809
                                                 Telephone: (225) 925-5297
                                                 Facsimile: (225) 231-7000

                                             ***Attorneys for Plaintiffs and the Putative Class
                                             Members***

## CERTIFICATE OF SERVICE

        I hereby certify that on February 11, 2020, I electronically filed the foregoing with the

Clerk of Court using the ECF system which sent notification to all counsel of record who are ECF

users.

                                             */s/ Clif Alexander*
                                             Clif Alexander

*Plaintiffs' First Amended Collective/Class Action Complaint*