UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUALEIA HALLEY and HEATHER GONGAWARE, individually and on behalf of all others similarly situated, | * * * * * * | CIVIL ACTION NO. 19-01800    c/w (19-02208) (Reference to All Cases) |
| Plaintiffs, | * * | SECTION "L" JUDGE FALLON |
| VERSUS | * * | |
| WAITR HOLDINGS, INC. F/K/A LANDCADIA HOLDINGS, INC. and WAITR INCORPORATED, | * * * * | MAG. DIV. (2) MAG. JUDGE CURRAULT |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**<u>FINAL JUDGMENT</u>**

WHEREAS, Jualeia Halley, Heather Gongaware, Autumn Montgomery, and Nateshus Jackson and Defendant Waitr Holdings Inc. (collectively, the "Parties") entered into a Confidential Class and Collective Settlement Agreement and Release (the "Settlement Agreement").

WHEREAS, on April 28, 2020, the Court entered an Order that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. 216(b), a class and collective action for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members,[1] and the method of dissemination thereof;

---

[1] "Settlement Class Members" and "Settlement Class" is defined in the Settlement Agreement and the Restated and Amended Settlement Agreement as all individuals within the scope of the representative actions proposed by Plaintiffs in the Litigation, which include, more specifically, all current and former delivery drivers who worked for or were engaged by Waitr throughout the United States from February 13, 2017 through April 28, 2020.

(c) directed that appropriate notice of the settlement be given to the Settlement Class Members; and (d) set a hearing date for the settlement fairness hearing. [R. Doc. No. 93].

WHEREAS, the Court-approved notice to the Settlement Class Members has been provided, as attested to in the Declaration of Bruce Holman, Settlement Administrator with A. B. Data. [R. Doc. No. 108-2].

WHEREAS, on August 19, 2020, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class Members (the "August 19, 2020 Fairness Hearing"), such a hearing date being set an appropriate number of days after the Court-approved notice to the Settlement Class Members.

WHEREAS, at the August 19, 2020 Fairness Hearing no objectors appeared and, in fact, no objections were received that complied with requirements set forth in Section 2.7 of the Settlement Agreement as relayed to the Settlement Class in the Court-approved notice.

WHEREAS, on August 21, 2020 and August 26, 2020, additional hearings were held by the Court, [R. Doc. Nos. 125 & 127], on whether the settlement as set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class Members, and the Parties were directed to revise the terms of the Settlement Agreement in accordance with instruction received by the Court.

NOW THEREFORE, the Court, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel at the August 19, 2020 Fairness Hearing and at the additional hearings on August 21, and 26, 2020, having determined that the settlement as now set forth in the Amended

and Restated Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, therefore orders as follows,

      IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

    1.    The Court incorporates by reference the definitions set forth in the Amended and Restated Settlement Agreement.

    2.    This Court has personal jurisdiction over the Plaintiffs, the Settlement Class Members, the Qualified Class Members, and the FLSA Collective Action Members, and has subject matter jurisdiction over all claims asserted in the First Amended Class/Collective Action Complaint.  In addition, venue in the Eastern District of Louisiana is proper.

    3.    The Amended and Restated Settlement Agreement is approved as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, and in the best interest of the Settlement Class.  The Amended and Restated Settlement Agreement is binding on and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Amended and Restated Settlement Agreement and the releases set forth therein.

    4.    The Court-approved Notice of Collective and Class Action Settlement, Claim Form and Release, and Opt-Out Statement provided to the Settlement Class Members pursuant to the April 28, 2020 Order Granting Preliminary Approval of Class Settlement:

        (a) Constituted the best practicable notice, under the circumstances;

(b) Constituted notice that was reasonably calculated to apprise the Settlement Class Members of the pendency of this Litigation[2], their right to object or exclude themselves from the proposed settlement, and their right to appear at the Fairness Hearing;

(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice and the subsequent amendment and restatement of the Settlement Agreement regarding the additional shares of Waitr's Common Stock to be issued to Qualified Class Members who timely filed claims does not affect the efficacy of the notice issued in accordance with this Court's April 28, 2020 Order Granting Preliminary Approval of Class Settlement; and

(d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a Settlement Class Member may enter an appearance through an attorney if the member so desires; that the Court will exclude from the Settlement Class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

5. For settlement purposes only, that the Settlement Class and the FLSA Collective satisfy the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

6. The Amended and Restated Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation,

---

[2] "**Litigation**" is defined in the Settlement Agreement and Restated and Amended Settlement Agreement to mean, collectively, the *Halley* Litigation and the *Montgomery* Litigation.

including motion practice and, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a)   the strength of the Plaintiffs' case;

(b)   the risk, expense, complexity and likely duration of further litigation;

(c)   the risk of litigation through trial;

(d)   the amount offered in settlement;

(e)   the extent of discovery completed, and the stage of the proceedings;

(f)   the experience and views of counsel; and

(g)   the reaction of the class members to the proposed settlement.

7.   Plaintiffs' Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the settlement.

8.   In total, Waitr shall issue an aggregate of 873,720 shares of Waitr Common Stock, with 454,914 shares of Waitr's Common Stock distributed to the Qualified Class Members who timely submitted a claim form (inclusive of service awards for Named Plaintiffs) and 418,806 shares of Waitr's Common Stock distributed to Plaintiffs' Counsel as compensation for their attorneys' fees and costs.

9.   Plaintiffs' Counsel's requested fees and expenses under the Settlement Agreement, totaling 418,806 shares of Waitr's Common Stock, are fair and were reasonably and necessarily incurred, and shall be apportioned with 62% of the common benefit fee owed to ANDERSON ALEXANDER, PLLC and 38% of the common benefit fee owed to CHRISTOPHER ZAUNBRECHER, LLC and BRINEY FORET CORRY, LLP.

10.   The Service Awards for the Named Plaintiffs are approved and shall be allocated among the recipients as follows: 3,891 shares of Waitr's Common Stock for each Named

Plaintiff, being Jualeia Halley, Heather Gongaware, Autumn Montgomery, and Nateshus Jackson, respectively, for a total of 15,564 shares of Waitr's Common Stock to compensate them for their unique services in initiating and/or maintaining this Litigation.

11. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement Agreement or the Amended and Restated Settlement Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or Releasees of any liability, culpability, negligence, or wrongdoing toward the Named Plaintiffs, the Settlement Class Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendant or as to whether a class or collective should be certified, other than for settlement purposes only. Furthermore, nothing in the Parties' Settlement Agreement or Amended and Restated Settlement Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant or Releasees.

12. In consideration of the issuance of the Settlement Shares, and for the good and valuable consideration set forth in the Amended and Restated Settlement Agreement, each Qualified Class Member shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant and Releasees in accordance with the terms of the Amended and Restated Settlement Agreement.

13. In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the status *quo ante rights* of the Named Plaintiffs, the Plaintiffs, the Settlement Class Members, the FLSA Collective, and Defendant.

14. All Qualified Class Members (*i.e.*, any Settlement Class Member who did not timely opt out of the Settlement under the circumstances and in accordance with the procedures set forth in Section 2.4 of the Settlement Agreement and the Amended and Restated Settlement Agreement) are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is in any way related to the Litigation and the Released Claims.

15. The objector who filed a noncompliant objection is hereby deemed to have waived his objection(s) to this Order, including any right of appeal.

16. Each issued Settlement Share shall be freely tradeable and, pursuant to Section 3(a)(10) of the United States Securities Act of 1933, as amended, are exempt from the registration requirements otherwise imposed by that act, and are exempt from any analogous provisions of applicable state securities laws and Defendant may choose to distribute the Settlement Shares exempt from registration and compliance with the prospectus delivery requirements of the U.S. securities laws or any analogous state securities laws based on the Court's findings.

17. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(d) have been satisfied.

18. The Court retains jurisdiction over all proceedings arising out of or related to the Amended and Restated Settlement Agreement.

19. This Litigation (including all individuals claims, class, and collective presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Amended and Restated Settlement Agreement.

IT IS SO ORDERED.

Dated: September 2nd, 2020

*[Signature]*
The Honorable Eldon E. Fallon
United States District Court Judge